[Civ. No. 4768. First Appellate District, Division One.—December 22, 1924.]

## S. G. LISHER, Appellant, v. A. J. FAIRBANKS, Respondent.

[1] CONTRACTS—PAYMENT FOR EXCAVATION WORK—INCLUSION IN UNIT PRICE — CONSTRUCTION. — Where a county road construction contract provides that the contractor shall receive a specified price per cubic yard for "all concrete work, including all excavations . . . in place complete," it cannot be said that said contractor is to receive no compensation from the county for excavation for the concrete work below the adopted grade line for the road, merely because the grading provisions of the contract specify that the contractor is not to be paid (under those provisions of the contract) for excavations below the adopted grade.

[2] ID.—CONSTRUCTION OF SUBCONTRACT — REFERENCE TO MAIN CONTRACT.—Where the agreement between said contractor and a subcontractor covering only the concrete structures provides for a specified unit price per cubic yard for all concrete in place and a specified unit price per cubic yard "for all excavations for concrete boxes," said subcontractor is entitled to compensation at the agreed price for all such excavations; and his right to such compensation is not affected by the fact that the contract with the county is referred to and made a part of the subcontract (obviously for the purpose of specifying the concrete work to be done, its location and the manner of doing it) and under said contract the unit price for said concrete boxes includes the work of excavating for said boxes.

[3] ID.—EXTRA WORK—RIGHT OF SUBCONTRACTOR TO COMPENSATION.—Said subcontractor was also entitled to compensation from the contractor for extra work performed by him, where such extra work was ordered by the contractor or where such extra work was authorized by the county engineer, apparently with the contractor's consent, and the latter received compensation from the county for such extra work; and, where the subcontractor was seeking to hold the contractor, and not the county, for such extra work, he was not required to produce a written order from the engineer, authorizing the work, as he would have if he was seeking to hold the county liable.

(1) 29 C. J., p. 608, n. 2.   (2) 29 C. J., p. 611, n. 31 New.   (3) 29 C. J., p. 609, n. 7.

APPEAL from a judgment of the Superior Court of Mendocino County. H. L. Preston, Judge. Reversed.

The facts are stated in the opinion of the court.

Wallace Rutherford for Appellant.

Mannon & Mannon for Respondent.

KNIGHT, J.—Plaintiff as assignee brought this action to recover of and from the defendant A. J. Fairbanks the sum of $2,023.77, for certain road construction work done and performed by plaintiff's assignor, G. L. Lisher. The second amended complaint is in two counts. The first count declares upon a written contract and covers a demand of $1,979.03, and the second count is upon a *quantum meruit* for the recovery of $44.74 for work done on the same road, outside of the written contract. Before the trial was concluded plaintiff was paid the sum of $1,454.11 on the amount claimed to be due under the first count, leaving in dispute a balance under that count of $502.43. Plaintiff was denied relief on both counts and has appealed.

In September, 1920, the county of Sonoma awarded a contract to respondent for the rebuilding of section "A" of the Healdsburg-Forestville highway, which included the work of grading, filling, removal of oil from roadway, graveling, and concrete work. Subsequently, on April 1, 1921, respondent entered into a separate contract with G. L. Lisher, appellant's assignor, to do the concrete work specified in the county contract. Referring to the first count, the controversy arises over the refusal of respondent to pay for the excavation of 669.9 cubic yards of earth necessarily removed by Lisher below the adopted grade line in order to construct the concrete drain boxes in conformity with the county plans and specifications.

Respondent's contract with the county was based upon certain unit prices, which, so far as they are important here, were as follows: "For excavations . . . as may be necessary to bring the surface of the roadway to conform with the adopted grade and cross-section, the sum of eighty-five cts. (85 cts.) per cubic yard. The yardage to be paid for being only in excavation." For graveling the entire length of the road, $21,315.80. "For all concrete, including all excavations, back filling, forms, materials, reinforcement, hauling and labor, the sum of Thirty Dollars ($30.00) per cubic yard in place complete. This applies to headwalls, catch basins,

small culverts, etc., but does not apply to bridges and larger structures.'' The ''grading'' section of the contract and specifications provided ''(j) The contract price per cubic yard of excavation, shall include loading . . . clearing, ditching, excavations and removal of oil, rock, and all other work incidental to the grading as shown in paragraph (a) under 'grading.' The Contractor shall be paid only for that portion of the excavation and removal of oil which lies above the adopted grade line and shall not be paid for the excavation and removal of oil which lies below the adopted grade line.''

Lisher's contract with Fairbanks, which, as before stated, covered only the concrete structures specified by the county contract, ''including boxes and culvert pipe headwalls,'' was let upon the following unit prices: ''For concrete headwalls (twenty-six dollars) per cubic yard. For all concrete in place (twenty-five dollars) per cubic yard. For excavation for concrete boxes (seventy-five cents) per cubic yard.'' The quotation of these prices in the contract was followed by this provision: ''All work to be done in accordance with the contract, plans and specifications, of the county of Sonoma, which are referred to and made a part of this contract, and to the satisfaction of the Engineer, whose decision will be final in all matters affected by the contract which may be in dispute between the parties hereto.'' Respondent's refusal to pay for the excavations in question is based upon the above-quoted limitation clause of the county contract, regarding excavations, and the reference clause of the Lisher contract which makes the county contract a part of the Lisher contract. Respondent in this respect contends, and the trial court held, that in view of these two provisions ''unless Fairbanks received payment from the county for excavations claimed by plaintiff that defendant was under no obligation to pay Lisher for such excavation. In other words,'' says respondent, ''the trial court held that because Fairbanks was not paid for excavations below the adopted grade line, Fairbanks need not pay Lisher for excavations below the grade line.''

We are unable to acquiesce in that view of the situation. [1] In the first place, the assumption by respondent and by the trial court that the county contract made no provision for the payment to Fairbanks for excavations made below the grade line in placing the concrete structures, and that

Fairbanks was not paid therefor, is not borne out by the plain terms of that contract which show clearly that the clause restricting payment in the matter of excavations, which respondent seeks to enforce against appellant, applies exclusively to the grading feature of the contract, with which appellant had nothing to do, and has no connection whatever with that section of the contract dealing with the concrete work. The matter of excavations for concrete structures was separately specified in the contract, the payment for which was included in the unit price of $30 a cubic yard for all concrete work, the contract reading: "For all concrete work, *including all* excavations . . . the sum of Thirty Dollars ($30.00) per cubic yard in place complete." Furthermore, the evidence shows that the total amount of Lisher's demand against respondent for placing the concrete structures, exclusive of the excavations in question, was, under the unit prices of the Lisher contract, $10,711.30, and with the cost of the excavations added, amounted to $11,236.22; whereas for the same work respondent's total demand against the county under the county contract, computed according to the unit price stated therein of $30 a cubic yard "for all concrete work including all excavations," amounted to $12,777, showing a profit on Lisher's work of $1,540.78, even though he is required to pay the Lisher excavation demand herein sued upon. [2] But irrespective of the question of whether or not the county contract allowed respondent pay for the particular work in dispute, it is manifest that so far as Lisher's compensation from respondent was concerned, it was fixed and must be determined by the terms of their own contract. The county contract was unquestionably made a part of the Lisher contract, but obviously for the sole purpose of specifying the concrete work to be done, its location, and the manner of doing it; otherwise it had no relation whatever to the Lisher contract, particularly regarding the matter of compensation. The payment each contractor was to receive was fixed by the terms of his own contract and was based upon entirely different units. The county contract specified "all concrete work, including excavations" in one unit of $30 a cubic yard, while the Lisher contract divided the concrete work into three units as follows: $26 a cubic yard for headwalls; $25 a cubic yard for "concrete in place"; and "for all excavations for concrete boxes (seventy five cents) per cubic yard." It thus appears that there was no limita-

tion or restriction whatever placed in the Lisher contract as
to payment for excavations, whether made from below or
above the adopted grade line.  Appellant is therefore en-
titled to payment for the full number of cubic yards of earth
(669.9) Lisher admittedly excavated.  The 176 cubic yards
of excavations mentioned in the findings, for which appel-
lant was paid, is shown by the evidence to refer to the work
done by Lisher outside of his contract, in excavating for a
ditch, and did not relate to the concrete work.

[3]  We are also of the opinion that appellant is entitled
to recover the amount claimed to be due under the second
count.  Part of the work covered by the demand is ad-
mittedly due, Fairbanks himself having ordered it, and the
remainder, for placing twelve yards of rock under a culvert,
was authorized by the county engineer apparently with re-
spondent's consent and for aught the record shows respond-
ent received the benefit thereof under his contract with the
county.  Appellant performed the work for respondent and
not for the county and he seeks to charge the respondent and
not the county therefor; consequently, a written order from
the engineer, authorizing the work, was not necessary the
same as it would have been if the county was sought to be
held liable.

Judgment reversed.

Tyler, P. J., and St. Sure, J., concurred.